Dorothy K. HARROP, Plaintiff and Respondent,

v.

E. Leon HARWARD, Gary Salazar, Harward, Salazar and Associates, Darwin C. Knudsen, and Salt Lake Realty, Defendants and Appellants.

No. 14740.

Supreme Court of Utah.

May 26, 1977.

Steven Flint Lowe of Follett & Lowe, Jerry W. Dearinger, Robert L. Backman, of Backman, Clark & Marsh, Salt Lake City, for defendants and appellants.

Richard W. Brann, Ogden, for plaintiff and respondent.

HALL, Justice:

Appeal by defendant E. Leon Harward, only, from a judgment of restitution of certain real property.

Plaintiff listed the residence in question for sale with Salt Lake Realty Company by its agent, E. Leon Harward, defendant herein. No offers to purchase were received and plaintiff became some five months delinquent on her trust deed note

payments and foreclosure was imminent. Such was discussed with defendant and plaintiff agreed to execute a quit-claim deed to defendant Harward-Salazar Partnership which would bring the payments current, render necessary maintenance, continue to locate a purchaser, and upon sale divide the net proceeds equally with plaintiff or "make it right" with her, whichever version one is to believe. No sale was ever made, and in fact, defendants executed a mortgage on the said property in the amount of $8,750.00, and thereafter leased the property for $175.00 per month. Based on these facts the trial court awarded judgment of restitution upon a finding of defendant Harward's breach of fiduciary duty in failing to advise and disclose pertinent information.

Defendant assigns error as follows: (1) the trial court in effect made a finding of fraud in the inducement without adequate proof, and (2) allowed a material, prejudicial variance of pleading and proof preventing the presentation of a proper defense.

A review of the trial court's findings of fact and conclusions of law reveals specific findings of defendant's fiduciary relationship and that plaintiff was unfairly dealt with in not being advised of the legal effect of her acts, failure to disclose pertinent facts, a lack of fair and adequate consideration, the giving of a note secured by mortgage, and the leasing of the premises, all of which is supported by the record and supports the conclusion of a breach of fiduciary duty.

This being a case in equity, it was clearly the trial court's prerogative to place the parties back in their prior position by granting plaintiff restitution of the premises and voiding all documents adverse to her ownership and possession. Nor was it necessary that the court make a specific finding of fraud as is assigned as error. Where it is manifest that the trial court has not misapplied the facts and its findings are supported by the weight of the evidence this court shall not reverse.[1]

1. *Barker v. Dunham*, 9 Utah 2d 244, 342 P.2d 867; *Metropolitan Investment Co. v. Sine*, 14 Utah 2d 36, 376 P.2d 940.

In regard to the second assignment of error, no suggestion is made as to what different defense might have been interposed, nor does the record reveal any request for a continuance to prepare one as he has a right to do under Rule 15(b), U.R.C.P.

Defendant's claim of surprise, lack of knowledge, or otherwise inability to properly defend is an untenable position when reviewed in light of the pleadings and the balance of the record. The complaint itself is not only couched in fraud but also breach of fiduciary duty. Also, plaintiff's trial memorandum, receipted by defendant over a month prior to trial, directs itself to the legal relationship, duties and responsibilities of real estate broker and their agents.

The fact that the trial court did not make a specific finding of fraud but chose to base its ruling on a breach of fiduciary duty is not inconsistent with the evidence and well within the issues made by the pleadings.

Judgment affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.